IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N. A., | CIVIL ACTION NO. 3:15-CV-0178 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| FRANCES M. CALLOWAY, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is a Complaint (Doc. 1) filed by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") on January 26, 2015. This case was reassigned to me on April 23, 2015. Plaintiffs assert that the Court's basis for subject matter jurisdiction is diversity of citizenship, pursuant to 28 U.S.C. § 1332. (*Id.,* ¶ 6.) Because the Complaint fails to establish that the parties have diverse citizenship, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### I. Analysis

The Complaint does not adequately state diversity of citizenship, as it fails to properly identify the state of citizenship of Plaintiff and Defendants. Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). 28 U.S.C. § 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way

or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Plaintiff's Complaint in part fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Wells Fargo Bank, a corporation. A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Here, the Complaint only includes where Plaintiff Wells Fargo has "its designated main office." (Doc. 1, ¶ 1.) To properly plead diverse citizenship, Plaintiff must allege its principal place of business.

Furthermore, Plaintiff's Complaint fails to demonstrate diverse citizenship because it does not properly assert the citizenship of the named Defendants. The Complaint alleges that Defendants currently reside in Pennsylvania. (Doc. 1, ¶¶ 2-4.) While Plaintiff identifies in which state they reside, they do not identify the state in which each have *citizenship*.

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton,* 232 U.S. 619 (1914).

To the extent the Complaint alleges where the defendants reside, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity

purposes. *See Krasnov,* 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiff must allege the state of citizenship of each defendant, not merely of residence.

## II. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given twenty-one (21) days to amend the complaint to show that diversity jurisdiction exists. Failure to do so will result in this action being dismissed.

**NOW**, this 30th day of April, 2015, **IT IS HEREBY ORDERED** that Plaintiff Wells Fargo is given leave to file an amended complaint within twenty-one (21) days from the date of entry of this order to address the identified defects. If Plaintiff fails to do so, the action will be dismissed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge