**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., | CIVIL ACTION NO. 3:15-CV-0178 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| FRANCES M. CALLOWAY, et al., | |
| Defendants. | |

### MEMORANDUM

Presently before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Amended Interpleader Complaint (Doc. 9) and Motion for Authorization to Deposit Funds and for Discharge and Dismissal of Wells Fargo (Doc. 10). Plaintiff requests that this court discharge Wells Fargo from liability for payment of the disputed funds, enjoin defendants from any other action against Wells Fargo as to the accounts at issue, and award Wells Fargo costs and attorneys' fees from the proceeds paid into the Court. Because the motion is unopposed and Plaintiff is a disinterested party that could face multiple liabilities from the underlying dispute, Plaintiff's Motion for Authorization to Deposit Funds and for Discharge and Dismissal of Wells Fargo (Doc. 10) will be *granted*. Because the underlying dispute is of a nature that is in the ordinary course of business for a bank, and awarding fees is not appropriate in the circumstances of this case, the request for attorneys' fees will be *denied*.

### I. Background

On January 26, 2015, Plaintiff Wells Fargo initiated this action by filing an Interpleader Complaint (Doc. 1), which it amended on May 15 (Doc. 9). Also on May 15, Plaintiff filed a Motion for Authorization to Deposit Funds and for Discharge and Dismissal of Wells Fargo (Doc. 10). Plaintiff filed its interpleader complaint against Defendants Frances M. Calloway, Norma J. Campbell, Mary C. Smith, and John Does 1-99. (*Id.*) While Plaintiff's filings do not make the underlying controversy entirely clear, Ms. Calloway, Ms. Campbell, and Ms. Smith are involved in a dispute surrounding the estate(s) of George R. Braun and Grace A. Braun, a married couple. At least some of the money in dispute is held in two accounts at Wells

Fargo: an Enhanced Rate Savings Account containing $139,421.22, and a "CD" account with a value of $5,390.76.  (Doc. 10, ¶ 2.)  On or about March 19, 2012, Ms. Braun granted the power of attorney to Defendants Calloway and Campbell, her daughters.  (*Id.,* n. 1.)  On or about August 11, 2012, Mr. Braun granted the power of attorney to Defendant Smith.  (*Id.*)

In April 2012, a dispute arose about the removal of funds from the accounts.  (*Id.,* ¶¶ 5-8.)  The funds were returned to Wells Fargo, which opened a fraud case.  (*Id.,* ¶¶ 7-8.)  At some point thereafter, the Brauns passed away, and the fraud case was closed in December 2012 "as a result of the pending litigation surrounding Ms. Braun's estate."  (*Id.,* ¶ 8.)

Wells Fargo asserts that it has no information identifying the executor of the estates or "through which [it] could determine to whom the funds should be distributed."  (*Id.,* ¶ 10.)  On December 1, 2014, Ms. Campbell contacted Wells Fargo about the funds.  (*Id.,* ¶ 9.)  Plaintiff states that "as a result of the conflicting and adverse claims asserted with respect to the funds in Ms. Braun's account, [it] could not release the proceeds, without risk of litigation, absent a settlement agreement between the competing claimants."  (*Id.,* ¶ 11.)  Plaintiff currently holds the sum of the accounts, $141,811.98, in escrow, and has no further interest in it.  (*Id.,* ¶¶ 19-20.)  Thus, it filed its interpleader complaint in January 2015.

Defendants Calloway and Campbell returned waivers of service in February 2015.  (*Id.,* ¶¶ 14-15.)  Defendant Smith was personally served by a process server on March 31, 2015.  (*Id.,* ¶ 16.)  Defendants have not filed an answer to the Complaint, and have not responded to the Motion to Deposit Funds.  This, the motion is ripe for disposition.

## II. Discussion

**A. Interpleader and Motion for Dismissal and Deposit**

Federal Rule of Civil Procedure ("F.R.C.P.") 22 governs interpleader.  F.R.C.P. 22(a)(1)(A) discusses interpleader by a plaintiff:

> Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; []

"The equitable remedy of interpleader allows 'a person holding property to join in a single suit two or more persons asserting claims to that property.'" *Reliastar Life Ins. Co. v. Moore*, 2010 WL 773457, at *3 (M.D. Pa. Mar. 1, 2010) (quoting *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (further citations omitted)). An interpleader action is properly brought where the plaintiff "is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings." *Metro. Life Ins. Co.*, 501 F.3d at 275. "It is a general rule that a party seeking interpleader must be free from blame in causing the controversy. . ." *Allstate Life Ins. Co. v. McBrearty*, 2013 WL 2291888, at *7 (M.D. Pa. May 24, 2013).

Upon review of Plaintiff's Motion and Brief in Support, the Motion will be granted. Defendants have not responded to Plaintiff's Motion within the allotted time period, and thus it is deemed unopposed. The record indicates that Defendants were properly served with notice of this action: two of the defendants returned waivers of service, and the third was served in person. (Docs. 4, 5.)

Furthermore, interpleader, dismissal, and deposit of funds is appropriate in this instance. Plaintiff Wells Fargo is a disinterested stakeholder in the dispute over Mr. and Ms. Brauns' estates, but seeks to protect itself from multiple liabilities and ongoing litigation. Viewing the present record, Wells Fargo is not at fault in causing the underlying controversy among the other parties about the funds, it is merely the bank that holds the assets. The interests of all parties will be served by granting this motion. Plaintiff's requests fall within the scope of interpleader as a remedy. Based on the foregoing, Plaintiff's Motion for Authorization to Deposit Funds and for Dismissal will be *granted*.

Given Plaintiff Wells Fargo's request, Plaintiff will be instructed to deposit the disputed funds in accordance with F.R.C.P. 67.

**B. Attorneys' Fees**

Plaintiff requests attorneys' fees and costs, to be paid out of the funds in the disputed accounts. (Doc. 10, ¶ 24.) "Determining whether to award costs and attorneys' fees to the stakeholder in an interpleader action is a decision committed to the sound discretion of the trial court." *AIG Life Ins. Co. v. Rafferty*, 2008 WL 1959697, at *1 (E.D. Pa. May 6, 2008) (citing *Mutual of Omaha Ins. Co. v. Dolby*, 531 F.Supp. 511, 516 (E.D. Pa. 1982)). "An award of attorneys' fees, however, is not appropriate in every case." *Reliastar Life Ins. Co. v. Moore*, 2010 WL 773457, at *4 (M.D. Pa. Mar. 1, 2010).

In this instance, I find that awarding attorneys' fees is not warranted. "When a stakeholder has used the court to aid it in making a decision which is an ordinary one in the course of the stakeholder's business, an award of attorneys' fees is not appropriate in the circumstances. Such an award would constitute a shifting of some of the stakeholder's ordinary business expenses to the claimants." *Id.* (quoting *Fidelity Bank v. Commonwealth Marine and Gen. Assurance Co.*, 592 F.Supp. 513, 526 (E.D. Pa. 1984)); *see also Mutual of Omaha Ins. Co.,* 531 F.Supp. at 517; *Reliastar Life Ins. Co.* at *4. Banks, such as Wells Fargo, routinely must determine the ownership of accounts when there are two owners, or when owners pass away. Questions of account ownership are inherit in the regular course of business for banks. There is no sound reason here why costs associated with the determination of ownership should be shifted to the funds or the inheritors of such funds. An award of attorneys' fees and costs are not appropriate given the circumstances of this action. Based on the foregoing, Plaintiff's request for attorneys' fees will be *denied.*

### III. Conclusion

For the above reasons, Plaintiff's Motion (Doc. 10) will be *granted*. Plaintiff's request for attorneys' fees and costs will be *denied.* An appropriate order follows.

June 12, 2015  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge